IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE KIRK,

    Defendant.

ORDER

13-cr-89-jdp-1

---

The probation office's petition for judicial review of Jesse Kirk's supervised release has been the subject of three hearings, the last of which was held January 12, 2018, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Meredith Duchemin. Defendant was present in person and with defense counsel Toni Laitsch. Also present was U.S. Probation Officer Brad T. Schalow.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced by the Honorable Lynn S. Adelman in the Western District of Wisconsin on December 17, 2013, following his conviction for robbery involving a controlled substance, in violation of 18 U.S.C. § 2118(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 20 months, with a three-year term of supervised release to follow. Defendant's first term of supervised release commenced on March 27, 2015. The case was reassigned to accommodate the Court on

June 25, 2015. On July 22, 2016, defendant's first term of supervised release was revoked after he used heroin and failed to make court-ordered payments toward his restitution obligation. He was sentenced to time served, effective upon first available placement at a residential re-entry center. Defendant was also ordered to serve an 18-month term of supervised release. He arrived at the Farhman Center in Eau Claire, Wisconsin, on August 16, 2016, and his second term of supervision commenced.

At a hearing on July 26, 2017, the court received evidence showing that defendant violated Standard Condition No. 5 prohibiting him from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance. On June 12, 2017, he submitted a urine specimen that tested positive for amphetamine/ methamphetamine and opiates. He admitted that he had used heroin on June 10, 2017; methamphetamine on June 9, 2017; and Suboxone without a valid prescription on June 6, 2017. Laboratory testing results confirmed that defendant's urine specimen was positive for amphetamine/methamphetamine and morphine.

Defendant violated Special Condition No. 15 requiring him to abstain from the use of alcohol and illegal drugs. As previously noted, defendant admitted use of controlled substances which was confirmed through laboratory testing. In addition, he admitted that he bought and consumed alcohol on June 17, 2017.

The court held another hearing on October 17, 2017. The court received evidence that defendant was making progress in controlling his substance abuse. The court continued the review until January 12, 2018. At the January 12 hearing, the probation office reported that defendant had continued treatment, maintained employment, and had had no failed drug tests.

The Seventh Circuit Court of Appeals decision in *United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir. 2001), held that the Court may find that defendant's conduct falls into the category

of a Grade B violation if it is determined that he possessed heroin and methamphetamine when he used these illegal substances on June 10, 2017, and June 9, 2017, respectively. Defendant has a prior conviction for possession of marijuana and any subsequent illegal possession of a controlled substance would constitute a felony offense. Accordingly, defendant's most serious conduct falls into the category of a Grade B violation. Under §7B1.3(a)(1) of the advisory guidelines, the Court is authorized to revoke supervised release upon finding of a Grade B violation.

## CONCLUSIONS

Defendant's criminal history category is I. With a Grade B violation, he has an advisory guideline range of imprisonment of 4 to 10 months. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment that can be imposed is 24 months because the original offense of conviction is a Class C felony.

Generally, revocation would be mandatory under 18 U.S.C. § 3583(g) because of defendant's drug tests and possession of controlled substances. But under § 3583(d), I must consider whether defendant's participation in substance abuse programming warrants an exception to mandatory revocation. I find an exception warranted here.

Defendant has met his obligations to the court and shown excellent progress in his struggle with his addiction. Although his struggle with substance abuse will likely be a life's work, the last several months represent a remarkable turn-around. I will continue his supervision to the end of its term, which is about a month away, to allow the supervising office to make sure defendant transitions to a new treatment provider.

ORDER

IT IS ORDERED that the judicial review of defendant's supervised release is terminated.

Entered January 16, 2018.

BY THE COURT:

/s/ James D. Peterson

James D. Peterson
U.S. District Judge